IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY C. HOLT,

      Petitioner,

v.                                     CASE NO. 1:12-cv-25-MP-GRJ

WARDEN, FCI MIAMI,

      Respondent.

_____/

## ORDER AND AMENDED REPORT AND RECOMMENDATION

On March 19, 2012 the Court entered its Report and Recommendation, doc. 4, recommending that Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed because his claim did not fall within the savings clause of 28 U.S.C. §2255(e).  The Petitioner filed timely objections to the Court's Report and Recommendation, doc. 5, contending, *inter alia*, that the Court does not have jurisdiction to address his § 2241 petition because he is in custody in the Southern District of Florida at FCI-Miami.

While the Court concluded that the savings clause does not apply to Petitioner's § 2241 petition under *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999) and *Gilbert v. United States,* 640 F.3d 1293 (11th Cir. 2011)(*en banc*), the Petitioner is correct that the Court does not have jurisdiction to make that determination. Although Petitioner filed his petition in this district and sought relief from this Court the law is well settled that jurisdiction for § 2241 petitions lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 124 S.Ct. 2711, 2722 (2004).

This view recently was reinforced by the Eleventh Circuit in *Garcia v. Warden*, 2012 WL 1002787 (11th Cir. March 27, 2012). *Garcia* was a case pending in this District in which a § 2241 petition was transferred to this district from the Southern District after that district recharacterized the petition as a petition for relief under § 2255 because the claim was a sentencing claim. This Court concluded that because the petition was filed as a claim under § 2241 the Southern District could have and should have addressed the petition on the merits. However, because this Court concluded that under *Gilbert* the sentencing claim raised in the petition did not fall within the savings clause – and therefore the Petitioner could not challenge his sentence pursuant to § 2241 – it would be futile to retransfer the petition back to the Southern District. The Court, therefore, dismissed the petition on the merits. The Eleventh Circuit, however, vacated and remanded the case noting that this Court did not have jurisdiction to reach the merits of the savings clause. *Id*. The Eleventh Circuit remanded the case to this Court with directions that the case be transferred back to the Southern District so that the Southern District could address the claim as § 2241 petition and determine whether the savings clause applies.

Accordingly, because this Court does not have jurisdiction to address Petitioner's § 2241 petition – and therefore does not have jurisdiction to determine whether the savings clause applies to Petitioner's petition – the Court must withdraw and vacate its Report and Recommendation and instead either dismiss the petition for lack of jurisdiction or transfer the case to the Southern District of Florida, the district where the Petitioner is confined. Under these circumstances, and recognizing that the case was filed only recently, the Court concludes that transfer and not dismissal would be the

appropriate remedy.

Accordingly, upon due consideration, it is **ORDERED** that the Clerk is directed to vacate the Court's Report and Recommendation, doc. 4. This Amended Report and Recommendation shall replace the previous report and recommendation.

Further, in light of the foregoing, it is respectfully **RECOMMENDED** that the Clerk transfer the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1 to the Miami Division of the Southern District of Florida.

**IN CHAMBERS** this 6th  day of April 2012.


*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.